**ALANA B. ANAYA, SBN 195758**
**ANAYA LAW GROUP**
2629 Townsgate Road, Suite 140
Westlake Village, CA 91361
Tel: (805) 230-9222
Fax: (805) 230-9221
Email: alana@anayalawgroup.com

Attorneys for Plaintiff,
NuVision Federal Credit Union

# UNITED STATES BANKRUPTCY COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Bankruptcy No. 8:19-bk-10153 SC |
| Thomas Joseph Lynch, Jr. | Adversary No. 8:19-ap-01074 SC |
| | CH. 7 |
| NuVision Federal Credit Union, | **FIRST AMENDED COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. § 523 (a)(2)(A)** |
| Plaintiff, | |
| vs. | |
| Thomas Joseph Lynch, Jr., and DOES 1 through 10, inclusive, | |
| Defendants. | |

COMES NOW, Plaintiff, NuVision Federal Credit Union ("Plaintiff"), is a federal chartered credit union operating under the laws of the United States of America, duly authorized to conduct business in the State of California, by its undersigned counsel, complains against Debtor and Defendant Thomas Joseph Lynch, Jr. ("Defendant"), and alleges as follows:

1. This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding over which the court has jurisdiction under 28 U.S.C. § 157(b).

///

---

FIRST AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY

1

2. Defendant is the debtor in a voluntary Chapter 7 bankruptcy case filed on January 15, 2019, in the United States Bankruptcy Court, Central District of California, and assigned case number 8:19-bk-10153 SC. The last day for Plaintiff to file a complaint to determine dischargeability of debt under 11 U.S.C. § 523 is set for April 29, 2019.

3. This is an adversary proceeding to determine the dischargeability of debt owed to Plaintiff by Defendant pursuant to 11 U.S.C. § § 523(a)(2)(A).

4. Plaintiff is listed as a creditor of Defendant in Defendant's Bankruptcy petition filed in the above captioned case. Plaintiff is listed Schedule E/F at 4.14 as a nonpriority, unsecured claim.

## FIRST CAUSE OF ACTION

**(TO DETERMINE THE DISCHARGEABILITY UNDER 11 U.S.C. §523(a)(2)(A))**

5. Plaintiff incorporates by reference as though fully set forth herein each and every allegation contained in Paragraphs 1 through 4 inclusive.

6. On or about August 20, 2018, Defendant entered into a written agreement wherein plaintiff provided defendant with a money loan in the sum of $7,000.00 and under which Defendant agreed to pay regular monthly installments to Plaintiff in the sum of $169.71 at the annual interest rate of 14.10%, as well as late charges. A true and correct copy of the agreement is attached hereto as **Exhibit A**.

7. In applying for the loan, the Defendant submitted a paystub with a reporting period of July 16, 2018 through July 31, 2018. The paystub claimed a year-to-date gross pay of $91,980.11 and Semi-Monthly pay of $5,792.45. The paystub was false as the Defendant has stated in his statement of financial affairs that his gross income for 2018 was only $5,000.00. Therefore, defendant knew his promise to make the payments to the Plaintiff was false as Defendant knew before entering could not have afforded the payments based on a yearly income of $5,000.00.

8. In addition to falsely reporting his income, Defendant made only one payment on the loan agreement. The only payment made on the agreement by Defendant was on October 4, 2018 and Defendant failed to make any payments due thereafter.

9. Plaintiff is informed, believes, and thereon alleges that based the single payment default and the false representations regarding his income, Defendant did not intend whatsoever to repay the loan with Plaintiff when initially entering into the loan agreement.

10. Plaintiff relied on Defendant's promises when entering into the loan agreement that the loan would be repaid, and that the income information provided by the Defendant was accurate. Had Plaintiff known the truth about the Defendant's income was entirely false or that the promise of repayment would only result in one singular payment made, Plaintiff would not have granted the loan to Defendant. Additionally, Plaintiff is informed, believes and thereon alleges that at or about the time Defendant obtained the loan from Plaintiff, Defendant continued to accrue debt from other sources which he knew he would be unable to pay.

11. As a result of the foregoing, Plaintiff was damaged in the sum of $7,001.20. The principal amount of $7,001.20 is still due, owing, with interest thereon, and is alleged to be non-dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(2)(A).

## **PRAYER**

WHEREFORE, Plaintiff prays that this Court enter judgment for Plaintiff as follows:

1. To determine that Defendant's debt to Plaintiff is nondischargeable in accordance with the provisions of the Bankruptcy Code, in the principal amount of $7,001.20;
2. For an award of pre-judgment interest at the applicable contract or legal rate as determined by the Court;
3. For attorneys fees' as provided by contract or by law, as applicable;
4. For costs of suit;

///

///

///

---

FIRST AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY    3

5. That Plaintiff have such other further relief as the Court deems just and appropriate.

Dated: June 27, 2019  Anaya Law Group

By  /s/Alana B. Anaya
Alana B. Anaya
Attorneys for the Plaintiff,
NuVision Federal Credit Union

FIRST AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY

4

# EXHIBIT A

# NUVISION CREDIT UNION

7812 Edinger Avenue
Huntington Beach, CA 92647
800.447.6327 | nuvisionfederal.org

**FEDERAL DISCLOSURE STATEMENT, NOTE AND SECURITY AGREEMENT**

BORROWER(S) NAME AND ADDRESS
THOMAS LYNCH
792 CENTER ST
COSTA MESA, CA 92626

In this Federal Disclosure Statement, Note and Security Agreement ("Note"), the words I, Me, and My mean each and all of those who signs below, endorse, negotiate the check(s), or who are otherwise bound by this Note. The words You, Your, Yours and Credit Union means NUVISION FEDERAL CREDIT UNION d/b/a Nuvision Credit Union.

| DATE OF LOAN | MEMBER NUMBER |
|---|---|
| 8/20/2018 | 9377 |
| LOAN NUMBER | MATURITY DATE |
| 5455 | 9/4/2023 |

## FEDERAL DISCLOSURE STATEMENT

| ANNUAL PERCENTAGE RATE<br>The cost of my credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost me. | AMOUNT FINANCED<br>The amount of credit provided to me or on my behalf. | TOTAL OF PAYMENTS<br>The amount I will have paid after I have made all payments as scheduled. |
|---|---|---|---|
| 14.100 % | $ 2,883.71 e | $ 7,000.00 | $ 10,182.35 e |

My payment schedule will be:

| Number of Payments | Amount of Each Payment | When Payments Are Due / Starting |
|---|---|---|
| 59 | $ 169.71 | Beginning 10/4/2018  Monthly |
| 1 | $ 169.46 e | Due 9/4/2023 |

See the Note and Security Agreement on the reverse for additional information about security interests, nonpayment, cross collateralization, default, cross default, and any required payment in full before the scheduled date.

LATE CHARGES: If my payment is fifteen (15) days late or more, I will be charged a late charge of 20% of the FINANCE CHARGE.
PROPERTY INSURANCE: I may obtain property insurance from anyone I want that is acceptable to the Credit Union.

PREPAYMENT: If I pay off early, I will not have to pay a penalty, and I will not be entitled to a refund of part of the finance charge.
REQUIRED DEPOSIT: If my Loan is share and/or certificate secured, the ANNUAL PERCENTAGE RATE does not take into account my required deposit, if applicable.

**SECURITY: THIS LOAN IS SECURED BY THE FOLLOWING DESCRIBED PERSONAL PROPERTY ("SECURITY"):**

Security Agreement: If I am giving you a security interest in personal property (see above), I understand and agree that it will cover the property described above or on the attached exhibits, if any. I understand that my loan is also secured by any insurance proceeds or any insurance premium refunds. I also understand and agree to the additional terms on the reverse.     e = estimate

**ITEMIZATION OF AMOUNT FINANCED (TOTAL):** $7,000.00      Prepaid FINANCE CHARGE of: $0.00

Amount Given to me Directly: $0.00
Amount Paid on my Account: $7,000.00

Amount Paid to others on my behalf:

Total of Amount Paid to others on my behalf: $0.00

BY SIGNING BELOW OR ENDORSEMENT OF THE PROCEEDS CHECK(S) (and attached receipt, if applicable) WITH THE LOAN NUMBER SHOWN ABOVE, or by use of funds as evidenced by a transfer to a Share/Savings or Checking Account. I agree to be bound by this Federal Disclosure Statement, Note and Security Agreement. I also acknowledge the receipt of and accept the terms of the Note and Security Agreement terms contained on the reverse. I acknowledge that I have read this entire agreement and have received a copy.

Primary Borrower

X *THOMAS LYNCH* _____ Date 8/20/2018
DocuSigned by: 6AA7D28C9915443...
**NY FAX OF MY SIGNATURE MAY BE HELD ENFORCEABLE AS MY GENUINE SIGNATURE**

☐ Co-Borrower    ☐ Other Owner*

X _____ Date _____

*OTHER OWNER: any other person who has property interest in the above described collateral signs here. The other owner, unless also co-maker, is not obligated to pay the debt, but understands that the Credit Union has a security interest in the collateral as explained in the Note and Security Agreement.

**NOTICE: SEE REVERSE FOR ADDITIONAL TERMS**
**MEMBER: SIGN ABOVE AND RETURN ONE COPY TO THE CREDIT UNION. KEEP ONE COPY FOR YOUR FILES.**

FORM 520  REV. 4/17                                                                                                         00133-2900

# EQUITY AGREEMENT

**PROMISE TO PAY:** To repay my loan, I, jointly and severally, promise to pay to you or to your order the (Total of Payments" (shown on the reverse) in U.S. Dollars. This amount will be called "Principal." I also promise to pay finance charges ("Interest") beginning on the date of this Note and continuing until the full amount of Principal has been paid. I understand that the "FINANCE CHARGE" and "Total of Payments" (shown on the Federal Disclosure Statement) are based on the assumption that all payments are made on or by the payment due date and I agree that I may be liable for fees, Collection Costs (defined below) and additional Interest charges as a result of my failure to do so. Payments will continue until I have paid in full the Principal, Interest, all Collection Costs (defined below) and any other charges. I will pay this sum as set forth in the payment schedule (shown on the reverse). I understand and agree that each payment is applied in the following order: (1) Collection Costs and late charges, if any; (2) any other fees and charges under the Note, if any; (3) Interest; and then to (4) the Amount Financed.

**LOAN PROCEEDS:** You may, as my agent and attorney in fact, disburse loan proceeds to my Credit Union account(s) or to third parties.

**SECURITY AGREEMENT:** If I am giving you a security interest in personal property (see reverse), I understand and agree that it will cover the property described on the reverse or on the attached exhibits, if any. I understand and agree that my loan is also secured by any insurance proceeds or any insurance premium refunds.

**INTEREST:** Interest will be charged on unpaid Principal until the full amount of Principal has been paid. I will pay Interest at the yearly rate specified in the Federal Disclosure Statement on the reverse side.

**MILITARY LENDING ACT DISCLOSURES:** Federal law provides important protections to members of the Armed Forces and their dependents relating to extensions of consumer credit. In general, the cost of consumer credit to a member of the Armed Forces and his or her dependent(s) may not exceed an annual percentage rate of 36 percent. This rate must include, as applicable to the credit transaction or account: The costs associated with credit insurance premiums; fees for ancillary products sold in connection with the credit transaction; any application fee charged (other than certain application fees for specified credit transactions or accounts); and any participation fee charged (other than certain participation fees for a credit card account).

Please call us at (866) 321-5969 to receive oral disclosures.

**TIME AND PLACE OF PAYMENTS; MONTHLY PAYMENT AMOUNT:** I will pay Principal and Interest by making a payment each month as set forth in the payment schedule in the Federal Disclosure Statement on the reverse side. I will make these payments every month until I have paid all of the Principal and Interest and any other charges described herein that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to Interest before Principal. If on the maturity date I still owe amounts under this Note, I will pay those amounts in full on that date. I will make my monthly payments at 7812 Edinger Ave. Huntington Beach, CA 92647 or at a different place if required by holder of this Note.

**UNLAWFUL ACTIVITY:** I understand and agree that I may not use any of the loan proceeds or the Security (if this is a secured loan) directly or indirectly in any manner that would constitute a crime under local, state or federal law, or in any illegal activity, including without limitation any "racketeering activity" as defined in 18 U.S.C. § 1961. If I use any of the loan proceeds and/or the Security directly or indirectly in an unlawful manner, I understand that you may declare the loan in default and you may exercise any rights available to you, including but not limited to, accelerating my loan balance and demanding immediate payment thereof.

**PREPAYMENT OR IRREGULAR PAYMENTS:** Though I need only pay the fixed installments, I understand I have the right to repay my entire loan at any time without penalty. I also understand I will only be charged Interest to the date I repay my entire loan. I may make larger payments without penalty and this may reduce the total amount of Interest I will pay. Any partial payment of my loan will not delay my next scheduled payment due date(s). I understand any payment that (a) delays or (b) accelerates the reduction of my loan balance will (a) increase or (b) decrease the amount of Interest I pay.

**PAYMENTS BY AUTOMATIC TRANSFER:** If I request to make payments by automatic transfer, I understand and agree that no payment can or will be made if there are insufficient or uncollected funds in the designated account to make the scheduled loan payment. Should this event occur, I understand and agree that I remain obligated to make the scheduled payment. Any automatic transfer I have requested will remain in effect until I cancel it in writing or my entire loan balance is paid in full. You may cancel this service at your discretion.

**LAST PAYMENT:** I give you permission to deposit the excess of my last payment, if any, to my share savings account.

**PAYMENTS MARKED "PAID IN FULL":** You may accept checks, money orders or other types of payment marked "payment in full" or using other language to indicate full satisfaction of any indebtedness, without being bound by such language or waiving any rights under this Note. Full satisfaction of indebtedness shall be accepted by you only in a written agreement, signed by your authorized representative.

**DEFAULT:** I will be in default if: 1) I do not pay my minimum scheduled payments on time; 2) I fail to live up to or otherwise breach any of the terms and conditions of this Note or any other loan or line of credit I may have with you; 3) my creditworthiness is impaired; 4) the value of the Security is impaired; 5) I die, become insolvent or am the subject of a bankruptcy or receivership proceeding; 6) there is a change of ownership of all or any part of the security; 7) I have made a misrepresentation or misstatement in obtaining this Loan or any other loan or line of credit with you; 8) I do not use the loan proceeds for the purpose stated in my application; 9) a voluntary or involuntary intervening lien is recorded against the Security which takes priority over your interest in the Security or otherwise jeopardizes your interest in the Security; 10) I abandon the Security; or 11) the seller fails to transfer the Security's title to you.

**YOUR RIGHTS IF I AM IN DEFAULT:** If I am in default, you may terminate this Note, and demand immediate payment of the unpaid Principal balance, Interest, late charges and Collection Costs (defined below) without notice to me. I understand that you also have other rights, including: (1) the right to cause the sale of the Security and apply the proceeds thereof to the unpaid loan balance; and (2) applying the default ANNUAL PERCENTAGE RATE (described below, if applicable). I understand and agree that Interest at the ANNUAL PERCENTAGE RATE under this Note will continue to accrue until I repay my entire loan.

**DEFAULT ANNUAL PERCENTAGE RATE FOR SELLER'S FAILURE TO TRANFER TITLE:** In the event that I am in default due to the seller's failure to transfer the Security's title to you, I understand and agree that you have the right, in your sole discretion, to apply a default **ANNUAL PERCENTAGE RATE** of **17.9%**.

**STATUTORY LIEN ON SHARES:** To the extent permitted by applicable law, and to the extent of my indebtedness to the Credit Union, I acknowledge that the Credit Union has a statutory lien on all my shares, deposits and accumulated dividends or interest in all of my accounts at the Credit Union, as provided by the Federal Credit Union Act, Section 1757(11). I agree that if I default on this loan, the Credit Union may apply the balance in any such accounts to pay any amounts due under this Note. The Credit Union may, solely at its option, allow me to withdraw a portion of my shares or deposits without affecting its statutory lien on such shares and deposits.

**COLLECTION COSTS:** The term "Collection Costs" as used herein means (i) collection costs, reasonable attorneys' fees, and court costs incurred to enforce this Note; (ii) costs of repair, insurance premiums, and all fees, costs and other charges incurred by you to protect, retake, or repair the Security; and (iii) costs of sale of the Security, such as repossession costs and associated third party fees. If I am in default and you demand full payment, I understand that I will be charged Interest on the loan balance (which includes Principal, Interest charges, future advances, Collection Costs and other charges) until I repay the loan.

**ACCURACY OF REPRESENTATION:** I affirm that the information provided in my request for credit (application) is accurate and I understand I must notify you in writing immediately if there is any change in my name, address, employment or in my creditworthiness. I understand that it is a violation of 18 U.S.C. § 1014 to make false statements or overvalue security for the purpose of influencing the action of any federally insured credit union. You may gather credit and/or employment information you deem necessary and appropriate from time to time and you may give information concerning your credit experience with me to others.

**CREDIT REPORT:** I understand and am hereby notified that a negative credit report may be submitted to a credit reporting agency, if I fail to fulfill the terms of my credit obligation(s) with you.

**DELAY IN ENFORCEMENT:** You can delay enforcing any of your rights under this Note without losing them.

**CUMULATIVE RIGHTS AND REMEDIES:** All rights and remedies provided under this Note are cumulative and not exclusive of any rights or remedies otherwise provided to you by law. Any single or partial exercise of any right or remedy by you shall not preclude the further exercise thereof or the exercise of any other right or remedy.

**CHANGE OF NAME, ADDRESS, EMPLOYMENT OR INCOME:** I understand and agree that I must notify you of any change in my name, address, employment, individual or household income and any substantial deterioration of my financial circumstances.

**LIABILITY OF PARTIES:** Each person who signs this Note or signs or negotiates any loan proceeds check, or is otherwise bound by this Note as evidenced on the reverse, is a maker and agrees to be individually and jointly obligated to repay my loan in accordance with the terms and conditions of this Note.

**DEPARTMENT OF MOTOR VEHICLES FEES AND CHARGES:** I understand and agree that in the event you are unable to obtain clear title to the collateral securing this Note due to outstanding Department of Motor Vehicle fees and charges, including, but not limited to, fees and charges related to outstanding parking tickets, other fines, or registration fees owed (collectively, "DMV fees and charges"), that you may elect to pay such DMV fees and charges on my behalf and add the cost of such fees and charges to the outstanding balance of this Note, which shall accrue Interest at the ANNUAL PERCENTAGE RATE(S) set forth herein.

**DEPARTMENT OF MOTOR VEHICLES CONFIDENTIALITY WAIVER:** I hereby waive any privilege under section 1808.21 of the California Vehicle Code and authorize the Department of Motor Vehicles to release information concerning me to you (the Credit Union).

**TELEPHONE MONITORING:** You may listen to and record telephone calls between you and me for the purpose of improving the quality of service I receive.

**GOVERNING LAW:** I understand and agree that this Note is made in California and shall be governed by the laws of the State of California to the extent that California law is not inconsistent with controlling federal law. I also understand and agree that California's choice of law rules shall not be applied if that would result in the application of non-California state law.

**FEDERAL DISCLOSURE STATEMENT:** The terms and conditions of the *Federal Disclosure Statement* are incorporated herein by reference.

**ENTIRE AGREEMENT:** The terms and conditions of the *Federal Disclosure Statement, Note and Security Agreement* shall be read together as the entire agreement between you and me. No change in the terms and conditions of this loan will be valid unless in writing and signed by you and me. If any part of this loan is found to be invalid, all other parts shall remain in effect.

FORM 520  REV. 4/17                                    Borrower's Initial  *TL* _____                              00133-2900

# SECURITY AGREEMENT TERMS

If I am giving you a security interest in personal property (see reverse), my loan is subject to the following additional terms and conditions:

**CROSS-COLLATERALIZATION:** I UNDERSTAND AND AGREE THAT ANY PROPERTY SECURING OTHER LOANS OR LINES OF CREDIT I CURRENTLY HAVE WITH YOU (AND ANY AND ALL PROCEEDS THEREOF), IF ANY, OR OBTAIN IN THE FUTURE FROM YOU WILL ALSO SECURE THIS LOAN AND ANY AND ALL OTHER LOANS AND LINE OF CREDIT ACCOUNTS I NOW HAVE WITH YOU OR OBTAIN IN THE FUTURE WITH YOU.  IN ADDITION, THE PROPERTY SECURING THIS LOAN, DESCRIBED IN THE FEDERAL DISCLOSURE STATEMENT, WILL ALSO SECURE ANY OTHER LOANS AND LINES OF CREDIT I HAVE WITH YOU NOW OR IN THE FUTURE.  THIS CROSS-COLLATERALIZATION AGREEMENT WILL NOT APPLY TO:  (1) ANY LOAN OR LINE OF CREDIT AGREEMENT SECURED BY REAL PROPERTY OR PROPERTY USED AS MY DWELLING; (2) ANY CREDIT CARD AGREEMENT; OR (3) WHERE OTHERWISE PROHIBITED BY FEDERAL OR STATE LAW OR REGULATION.

**CROSS DEFAULT:**  I understand and agree that my default of the terms and conditions of this Note will be deemed to be a default of any and all other loans and lines of credit agreement I now have with you or obtain in the future with you. Further, I understand and agree that my default of the terms and conditions of any other loan or line of credit agreements I now have with you or obtain in the future with you shall be deemed to be a default of the terms and conditions of this Note.

**FUTURE ADVANCES:** I understand and agree that this Note will secure any future advances made by you and that any future advances will be added to the Amount Financed of the loan and will accrue Interest at the ANNUAL PERCENTAGE RATE(S) under the terms of this Note. The term "future advances" includes but is not limited to money advanced by you to me; money advanced to third parties at my direction; or costs, fees and other monies advanced or incurred by you to protect your interest in the Security, including Collection Costs.

**STATUS OF SECURITY:** Upon payment to any seller or lienholder from the proceeds of this Note, I promise that I own the Security and that there are no liens or any other claims against the Security other than yours. I agree to perform all acts which you deem necessary to make your security interest in the Security enforceable. I agree not to sell or lease the Security, or give it as security to anyone else, until the loan has been paid in full. If the proceeds of this loan are utilized to purchase the Security, I understand and agree that it is my sole obligation (and not yours) to ensure that each and every seller and lienholder of the Security is paid and all liens released, and to provide you with clear title to the Security within ninety (90) days from 8/20/2018 . I understand that if I do not do these things, the Note will be in default.

**PROPERTY INSURANCE (Other than Stocks, Bonds or Shares):** I promise to maintain property insurance, naming you as Loss Payee and fully insuring the Security described in the *Federal Disclosure Statement* on the reverse side against loss by fire, theft and collision and to provide "all risks" hull insurance in the case of aircraft or boats and accessories thereto when applicable. This insurance must include comprehensive and collision coverage with a deductible of no greater than $1000. I may provide the required property insurance through an existing policy or by a policy I independently obtain and pay for from a person of my own choosing. I agree to deliver a copy of the insurance policy to you. If I do not get or keep this insurance, you may obtain this insurance and add its cost to my loan, or you may declare the Note in default.  You are under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover you, but might or might not protect me, my equity in the Security or the contents of the Security, against any risk, hazard or liability. In addition, insurance you obtain might provide greater or lesser coverage and/or additional types of coverage than was previously in effect. I acknowledge that the cost of the insurance coverage so obtained by you might significantly exceed the cost of insurance that I could have obtained. If you obtain such insurance, I agree that you may add its cost to my loan, and I also agree that my payments (as disclosed in the payment schedule on the Federal Disclosure Statement) may be increased to pay for such insurance during the remaining term of my loan. Any amount spent by you for insurance will be added to the Amount Financed of the loan and will accrue Interest at the ANNUAL PERCENTAGE RATE shown on the reverse. If, after you have obtained this insurance, I provide you with proof that I have obtained such insurance, you will cancel the insurance policy and reduce my loan balance by the amount of the unused premium, and may charge a reasonable administrative fee.

**PRESERVATION OF SECURITY (Other than Stocks, Bonds or Shares):** I promise to take good care of the Security and to pay all taxes and liens upon it. I also agree to perform all acts which you deem necessary to make your security interest enforceable. If the Security is moveable, I also agree to inform you immediately if the Security is to be moved from my address listed on the reverse side. I will not take the Security out of the State of my residence for more than 30 days without your written consent. I will not use the Security for any unlawful purpose. I further agree not to allow any liens to exist against it other than yours, and I agree to pay the costs of protecting the Security, including reasonable attorney's fees. If I do not do these things, the Note will be in default.  In the event of loss or damage to the Security, I will give prompt notice to the insurance carrier and to you. You may make proof of loss if not made promptly by me. Unless you and I otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by you, shall be applied to restoration or repair of the Security if the restoration or repair is economically feasible and your Security is not lessened. During such repair and restoration period, you have the right to hold such insurance proceeds until you have had an opportunity to inspect the Security to ensure the work has been completed to your satisfaction, provided that such inspection shall be undertaken promptly. You may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or applicable law requires interest to be paid on such insurance proceeds, you shall not be required to pay me any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by me shall not be paid out of the insurance proceeds and shall be my sole obligation. If the restoration or repair is not economically feasible or your Security would be lessened, the insurance proceeds shall be applied to the sums secured by this Note, whether or not then due, with the excess, if any, paid to me.

**MOTOR VEHICLES AS SECURITY:** If a motor vehicle is pledged as Security for this loan, I certify that said vehicle is not and has never been a "Lemon Law Buyback" and/or a "Gray Market" vehicle (i.e., a vehicle on which the title indicates that it is a "Non-USA" vehicle) and/or "Salvage" title vehicle.

**STOCKS AND/OR BONDS AS SECURITY:** If stocks and/or bonds are pledged as security for this loan, a list of stocks and/or bonds accompanies this Note as Exhibit "A" and I acknowledge receiving a copy of this Exhibit. I also understand and agree that I may not use the loan proceeds for the purchase of stocks or bonds. I understand and agree that my loan balance must not exceed _____% of the market value of the stocks/bonds pledged.   If the market value of the stocks/bonds does drop below this value, I understand and agree that I will have _____ (__) hours [e.g., seventy-two (72) from the date of notification to either reduce the loan balance accordingly or provide additional security acceptable to you in order to re-establish a maximum loan to market value of ____%. If I do not re-establish the maximum loan to market value as required, I authorize you to sell my stocks and apply the proceeds of the sale to my outstanding loan balance.  If shares are pledged as security for this loan, I understand that I must keep a sum equal to my entire loan on deposit with you until I repay my entire loan.

**SHARES AS SECURITY:**  If shares are pledged as security for this loan, I understand and agree that the "Security" section of the Federal Disclosure Statement will identify the account into which the pledged funds will be transferred.  After this loan is extended to me, I authorize the Credit Union to transfer the pledged funds to a separate account within my membership.  I will see the account reflected on my periodic statement.  I understand and agree that I will be required to sign your Share Pledge Agreement, which includes additional terms and conditions related to my pledge of shares.  I understand that in consideration for the Credit Union extending a share-secured loan to me, I am pledging, under the Uniform Commercial Code, shares to be deposited in the account identified in the "Security" section of the Federal Disclosure Statement and in the separate Share Pledge Agreement.  I understand and agree that funds deposited in the account must, throughout the loan's term, remain on deposit in the account and that the funds will not be available to me until such time as I repay the loan balance.  If I default on this loan, you may place a hold on these shares and/or apply these shares to repay my loan balance.

**SHARE CERTIFICATE ACCOUNTS AS SECURITY:** If funds held in a share certificate account are pledged as security for this loan, then I understand and agree that I must keep a sum equal to my unpaid balance on deposit with you until I repay my entire loan.

**SECURITY INSPECTION (OTHER THAN STOCKS, BONDS OR SHARES):** You or your agent may inspect or make an appraisal of the Security in a reasonable manner and at reasonable times. If you have reasonable cause, you may inspect the interior of the Security. You will give me notice prior to any inspection or appraisal specifying the purpose of the inspection or appraisal and how it relates to your interest in the Security. If the Security is abandoned or this Note is in default, you may take reasonable action to protect and preserve the Security without prior notice to me.

**APPLICATION OF PROCEEDS FROM SECURITY:** In the event you apply the Security hereunder (and any proceeds of such Security or insurance proceeds or insurance premium refund) to my loan balance hereunder, I understand and agree that any excess (after the unpaid balance and all costs, fees, charges and other amount due under this Note have been paid off) may be applied by you against the unpaid balance of any other unsecured or personal property secured loan and/or line of credit between you and me, excluding however, any loan secured by my dwelling or any credit card account balance.

**NO ELECTION OF REMEDIES:** I understand that the application of your rights against any personal property security whether pursuant to a consensual security interest or by your statutory lien on shares or by any other right hereunder or any other loan or line of credit agreement I have with you or as otherwise permitted by law or regulation shall not be deemed to be an election of remedies and will not limit your rights against the Security.

Borrower's Initials: *TL* _____

FORM 520  REV. 4/17                                                                                                                                                                                                                                 00133-2900

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2629 Townsgate Road, Suite 140, Westlake Village, CA 91361

A true and correct copy of the foregoing document entitled: **FIRST AMENDED COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. § 523 (a)(2)(A)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 7/3/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Plaintiff's Counsel: Alana B Anaya  alana@anayalawgroup.com, alana.anaya@sbcglobal.net
Defendant's Counsel: Patrick OKennedy    okennedylaw@gmail.com, r55095@notify.bestcase.com
Trustee: Karen S Naylor (TR)    alane@ringstadlaw.com, knaylor@IQ7technology.com
US Trustee: United States Trustee (LA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On 7/3/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Judge: Hon. Scott C. Clarkson, US Bankruptcy Court, 411 West Fourth St, Ste 5130 / Ctrm 5C, Santa Ana, CA 92701

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/3/2019 | Brett Ralston | /s/Brett Ralston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**