Patrick O'Kennedy (SBN 207749)
**LAW OFFICE OF PATRICK OKENNEDY**
500 N. State College Blvd, Suite 1100
Orange, CA 92868
Telephone: (714) 919-1855
Facsimile: (714) 362-3132
Email: okennedylaw@gmail.com

Attorney for Debtor and Defendant THOMAS JOSEPH LYNCH, Jr.

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THOMAS JOSEPH LYNCH, Jr.,<br><br>Debtor.<br><br>_____<br><br>NUVISION FEDERAL CREDIT UNION,<br><br> Plaintiff,<br><br>versus<br><br>THOMAS JOSEPH LYNCH, Jr.,<br><br>Defendant. | Case No. 8:19-bk-10153-SC<br><br>Adversary No.: 8:19-ap-01074-SC<br><br>Chapter 7<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12 (b)(1-2,4-5); and DECLARATION OF PATRICK O'KENNEDY**<br><br>The Honorable<br>**SCOTT C. CLARKSON**<br><br>*Status Conference Hearing*<br><br>Date:     October 2, 2019<br>Time:     11:00 a.m.<br>Courtroom: 5C<br>Place:    411 West Fourth Street<br>          Santa Ana, CA 92701 |

TO: ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 2, 2019 at 11:00 a.m. in Courtroom 5C of the

above-titled Court located at 411 W Fourth St, Santa Ana, CA, Defendant THOMAS JOSEPH LYNCH, Jr. (Lynch) will move this Court for an Order dismissing Plaintiff NUVISION FEDERAL CREDIT UNION's (NuVision) First Amended Complaint with prejudice.

This Motion will be made on the grounds that the Court has no jurisdiction over the First Amended Complaint (FAC), as the FAC was untimely. The motion is brought under Federal Rules of Civil Procedure (FRCivP), Rule 12(b)(1-2, 4-5).

Plaintiff NuVision is advised that Local Bankruptcy Rule 9013-1(f) requires a written response to be filed and served at least 14 days before the hearing.

This Motion shall be based upon this Notice, the attached Memorandum of Points and Authorities, the complete files and records of this action, and such other evidence as may be presented at the hearing on this Motion.

August 28, 2019

Respectfully submitted,

Patrick O'Kennedy (SBN 207749)
LAW OFFICE OF PATRICK OKENNEDY
500 N. State College Blvd, Suite 1100
Orange, CA 92868
Telephone: (714) 919-1855
Facsimile: (714) 362-3132
Email: okennedylaw@gmail.com

///

///

///

## PRELIMINARY STATEMENT

Because NuVision has both chosen not to respond to Defendant Lynch's Motion to Dismiss (MTD) filed on **May 23, 2019** and filed a First Amended Complaint (FAC) on **July 03, 2019**, 42 days later *without leave of the Court nor consent by Lynch*, this Court should grant the non-opposed MTD and conclude it is without jurisdiction to consider the FAC filed outside the statute of limitations. The case, therefore, should be dismissed with prejudice in its entirety.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PROCEDURAL HISTORY

For brevity, Lynch will set forth the pertinent filings and dates. On **April 23, 2019**, NuVision filed their Complaint before the Court. Lynch filed a MTD requesting dismissal of the Complaint, in lieu of answering the Complaint on **May 23, 2019**. NuVision has chosen not to file a response to the MTD which was scheduled for a hearing on **July 17, 2019**. On **July 03, 2019** - 42 days after the filing of the MTD - NuVision filed a First Amended Complaint (FAC). With Rule 15(a)(1-2) only allowing an Amendment to a Complaint after a Rule 12(b) MTD within 21 days of the motion or with the opposing party's written consent or with the Court's leave and Plaintiff NuVision not meeting any of these requirements, Defendant Lynch now files a second MTD.

### II. LEGAL ARGUMENT

Federal Rules of Civil Procedure (FRCivP), Rule 15, sets forth unambiguous specific time constraints within which a Plaintiff can amend or supplement their complaint, as well as the required steps that must be followed.

Rule 15. Amended and Supplemental Pleadings:
(a) *Amendments Before Trial*.
    (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:
        (A) 21 days after serving it, or
        (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
    (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

NuVision neither obtained consent from Lynch nor leave of Court to exceed the 21 days limit;

therefore, these avenues are not at issue. The only issue is how long NuVision took to file its FAC and if NuVision exceeded the statutory limits. NuVision did.

A look at FRCivP, Rule 15's "Committee Notes on Rules—2009 Amendment" shows the limiting of time limits from former Rule 15 and commences with the first paragraph in its entirety, "Rule 15(a)(1) is amended to make three changes in the time allowed to make one amendment as a matter of course." The Committee Notes clarifies as follows:

> The distinction drawn in former Rule 15(a) is changed in two ways. *First, the right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b), (e), or (f).* This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings.
> Second, the right to amend once as a matter of course is no longer terminated by service of a responsive pleading. The responsive pleading may point out issues that the original pleader had not considered and persuade the pleader that amendment is wise. Just as amendment was permitted by former Rule 15(a) in response to a motion, so the amended rule permits one amendment as a matter of course in response to a responsive pleading. *The right is subject to the same 21-day limit as the right to amend in response to a motion.*
> The 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. *If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period.*

[*Italics added.*]

The Committee Notes demonstrate the time limits were to "force the pleader to consider carefully and *promptly* the wisdom [*italics added.*]" of amending the Complaint.

Rule 15 is clear. As the Supreme Court has long instructed in the context of statutory interpretation, when the wording of a rule is clear and unambiguous and is not capable of more than one meaning, "the duty of interpretation does not arise, and the rules which are to aid doubtful meanings need no discussion."*Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917); *see also Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) ("When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete.") (*internalquotation marks omitted*). Defendant Lynch contends

Rule 15 is clear and unambiguous. Indeed, a straightforward reading of Rule 15(a) provides several distinct methods by which a NuVision could of amended their complaint and the concomitant parameters for doing so. NuVision simply chose none of the required methods and filed their First Amended Complaint (FAC).

The Ninth Circuit also addressed the 21-day limit in Rule 15 in depth in *Ramirez v. County of San Bernardino*,806 F.3d 1002 (2015) 20151123167. The *Ramirez* Court also distinguished between the pre-2009 Amendments and the present Rule.

> For example, as in this case, a plaintiff may file his first amended complaint with consent from the opposing party, which satisfies Rule 15(a)(2). He may thereafter utilize his one matter of course amendment under 15(a)(1), *so long as he files it timely*. The reverse is equally true and is more often the case: a plaintiff may file his one matter of course amendment under Rule 15(a)(1) and then seek consent from opposing counsel or leave of court to file a second amended complaint under 15(a)(2). Either order complies with the text of the Rule.*Id.*, 806 F.3d 1002, 1007. [*Italics added.*]

Although the *Ramirez* Court was addressing a closely related post-Amendment Rule 15 issue, the Ninth Circuit repeatedly clarified any amendment must be filed in a "timely" manner, i.e. within Rule 15's 21-day limitation (*see also, Lacey v. Maricopa County,* 693 F.3d 896, 927 (9th Cir.2012) (parties have twenty-one days "to amend as of right").

Failure to respond to a MTD is not without consequence, as pointed out in *Ramirez*, 806 F.3 at 1005.

> By June 19, the Defendants' motion to dismiss was still unopposed. Consequently, the district court granted the motion to dismiss, relying upon LocalRule 7-12, which provides that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion. . . ." Thus, without considering the merits of the Plaintiff's First Amended Complaint, the district court deemed the Plaintiff's silence as his consent to the granting of the Defendants' motion to dismiss. The district court dismissed the First Amended Complaint, without leave to amend, as to all Defendants, including two nonmoving Defendants, and dismissed the action entirely.

NuVision took twice the statutory time or 42 days to file their FAC and did so without consent of Defendant Lynch nor leave of the Court. The FAC must be disregarded, as this Court has

no more jurisdiction over an amended complaint filed outside the statutory limits than it does for a Complaint initially filed after the statute of limitations has expired. Pursuant to FRCivP, Rule 12(b)(1-2, and 4-5), Defendant Lynch objects to the filing and consideration of the FAC and submits it must be dismissed accordingly, as the Court lacks jurisdiction to consider it.

Moreover, NuVision has chosen not to respond to the pending Motion to Dismiss. Defendant Lynch contends the MTD filed on May 23, 2019 should be granted and the Complaint should be dismissed with prejudice.

For the reasons set forth herein, Defendant Lynch respectfully requests the Court find it has no jurisdiction to consider the First Amended Complaint, strike the First Amended Complaint from the files and grant Defendant Lynch's Motion to Dismiss filed on May 23, 2019, as well as the present one.

August 28, 2019

Respectfully submitted,

*[signature]*

Patrick O'Kennedy (SBN 207749)
LAW OFFICE OF PATRICK OKENNEDY
500 N. State College Blvd, Suite 1100
Orange, CA 92868
Telephone: (714) 919-1855
Facsimile: (714) 362-3132
Email: okennedylaw@gmail.com

///

///

///

# DECLARATION OF ATTORNEY PATRICK O'KENNEDY

The undersigned is the attorney of record in this matter for debtor Thomas J Lynch. If called to testify, I would do so as follows from my own personal knowledge and facts as I understand them as presented by my client, Mr Lynch.

1. My office represents Mr Lynch in the underlying action Chapter 7 case number 8:19-bk-10153.
2. On May 23, 2019, my office caused to be filed with this court, a Motion to Dismiss the Adversarial complaint filed by NuVision, in Case No 8:19-bk-01074.
3. The Motion filed on behalf of Mr Lynch was timely filed and served.
4. As of the date of this declaration, NuVision has still not filed a Response to the Motion to dismiss.
5. NuVision filed a First Amended Complaint only on July 3, 2019, some 42 days after the Motion to Dismiss was filed. This first amended complaint is not timely.
6. Mr Lynch filed an objection to the untimeliness of the first amended complaint.
7. With no opposition being timely filed, Mr Lynch requests that his motion to dismiss the adversarial complaint be granted, and that the matter be dismissed with prejudice.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

_____        8-28-19
Patrick O'Kennedy                                      Dated
Attorney at Law

| In re: | | CHAPTER: **7** |
|---|---|---|
| Thomas Joseph Lynch, JR | Debtor(s). | CASE NUMBER: **8:19-bk-10153**<br>**8:19-ap-01074-SC** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**500 North State College Blvd**
**Suite 1100**
**Orange, CA 92868**

A true and correct copy of the foregoing document entitled (*specify*): MOTION TO DISMISS FIRST AMENDED COMPLAINT will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **08/28/19**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Karen S Naylor, Trustee          alane@ringstadlaw.com, knaylor@iQ7technology.com
US Trustee (SA)                  ustpregional6.sa.ecf@usdoj.gov

Alana@anayalawgroup.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **08/29/2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Personal service delivery: Hon. Scott C Clarkson, 411 West Fourth Street, Suite 5130, Santa Ana, CA, 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 29, 2019 | Patrick OKennedy | /s/ Patrick O'Kennedy |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                        9013-3.1.PROOF.SERVICE