**ALANA B. ANAYA, SBN 195758**
**ANAYA LAW GROUP**
2629 Townsgate Road, Suite 140
Westlake Village, CA 91361
Tel: (805) 230-9222
Fax: (805) 230-9221
Email: alana@anayalawgroup.com

Attorneys for Plaintiff,
NuVision Federal Credit Union

## UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | CHAPTER 7 |
| Thomas Joseph Lynch, Jr., | Bankruptcy No. 8:19-bk-10153 SC |
| Debtors. | Adversary No. 8:19-ap-01074 SC |
| | **OPPOSITION TO DEFENDANT'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL** |
| NuVision Federal Credit Union, | |
| Plaintiff, | |
| vs. | |
| Thomas Joseph Lynch, Jr., and DOES 1 through 10, inclusive, | |
| Defendants. | |

### 1. INTRODUCTION

Defendant Thomas Joseph Lynch, Jr. ("Defendant" herein) has motioned the court to certify for interlocutory appeal this Honorable Court's Order from October 4, 2019 (Document 29) denying Defendant's motion to dismiss the Complaint (Document 1) of NuVision Federal Credit Union *and* the First Amended Complaint (Document 8). The Court denied the Defendant's first motion as moot and second motion to dismiss as being without substantive argument as to why the facts were not pleaded. For the reasons identified *infra*, Plaintiff respectfully requests that the Court deny the motion to certify.

## 2. THE MOTION TO CERTIFY SHOULD BE DENIED AS THE COURT HAS EXCEPTIONALLY BROAD DISCRETION TO PERMIT LEAVE TO AMEND PLEADINGS PURSUANT TO CASE LAW

U.S. Code § 1292(b) states that "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

As the U.S. Supreme Court notes in *Coopers*, "[…] The Interlocutory Appeals Act of 1958, 28 U. S. C. § 1292(b), was enacted to meet the recognized need for prompt review of certain nonfinal orders. However, Congress carefully confined the availability of such review. Nonfinal orders could never be appealed as a matter of right. Moreover, the discretionary power to permit an interlocutory appeal is not, in the first instance, vested in the courts of appeals. A party seeking review of a nonfinal order must first obtain the consent of the trial judge. This screening procedure serves the dual purpose of ensuring that such review will be confined to appropriate cases and avoiding time-consuming jurisdictional determinations in the court of appeals. Finally, even if the district judge certifies the order under § 1292 (b), the appellant still "has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Fisons, Ltd.* v. *United States,* 458 F. 2d 1241, 1248 (CA7 1972). The appellate court may deny the appeal for any reason, including docket congestion.[…]" *Coopers & Lybrand v. Livesay, et al.* 437 U.S. 463, 475 (1978).

1 As a practical matter, leave to amend is almost always granted by the Court. FRCP 15(a) expressly states leave to amend "shall be freely given when justice so requires." FRCP 15(a); *Allen v. City of Beverly Hills* (9th Cir. 1990) 911 F2d 367, 373; *Friedlander v. Nims* (11th Cir. 1985) 755 F2d 810, 813.

"FRCP 15(a) severely restricts the court's discretion to dismiss without leave to amend. Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one more chance to amend the complaint before the district court dismisses the action with prejudice. *Silva v. Bieluch* (11th Cir. 2003) 351 F3d 1045, 1048; *DeCarlo v. Fry* (2nd Cir. 1998) 141 F3d 56, 62—particularly where plaintiff is pro se" Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions 9:287.

The 9th circuit in *Ramirez,* despite the 21-day in 15(a)(1), also permits pleading amendment via the "court's leave," which, as the court in *Ramirez* recognized, is an alternative method recognized in compliance with FRCP 15(a)(2). *Ramirez v. San Bernardino* 806 F.3d 1002, 1007 (9th Circ. 2015).

Defendant's erroneous argument on motion to certify is that the Bankruptcy Court completely loses jurisdiction altogether in spite of the 9th circuit's opinion providing broad discretion to permit leave to amend the pleadings. The ruling in *Ramirez* grants the Bankruptcy Court broad discretion to grant leave of the parties to amend pleadings. Defendant's error in understanding is that FRCP 15(a)(1) is not exclusive as a method for pleading amended, but an option by the parties to stipulate thereto within the 21-day rule.

Admittedly, for practical purposes under FRCP 15(a)(1), Plaintiff's counsel should have sought leave of Defendant's counsel at the time. However, noting that the Court recognized a distinction laid out in *Ramirez* that leave to amend should be freely granted, particularly on first amendment, therefore granted Plaintiff leave to amend the Complaint on a *nunc pro tunc* basis, with the First Amended Complaint being recognized as filed. The Court's order falls squarely in line with FRCP 15(a)(2) and the holding in *Ramirez*. Therefore, the motion to certify for interlocutory appeal is wholly without merit and should be denied.

### 3. CONCLUSION

For the foregoing reasons, Plaintiff requests that this Honorable Court deny the motion to certify.

DATED:  October 23, 2019                    Anaya Law Group

                                        By: /s/Alana Anaya

                                        Alana B. Anaya,
                                        Attorney for Plaintiff
                                        NuVision Federal Credit Union

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2629 Townsgate Road, Suite 140, Westlake Village, CA 91361

A true and correct copy of the foregoing document entitled: **OPPOSITION TO DEFENDANT'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/23/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Plaintiff's Counsel: Alana B Anaya alana@anayalawgroup.com, alana.anaya@sbcglobal.net
Trustee: Karen S Naylor (TR) alane@ringstadlaw.com, knaylor@IQ7technology.com
US Trustee: United States Trustee (LA) ustpregion16.sa.ecf@usdoj.gov
Interested Party: Baruch C Cohen    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) 10/23/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge: Hon. Scott C. Clarkson, US Bankruptcy Court, 411 West Fourth St, Ste 5130 / Ctrm 5C, Santa Ana, CA 92701
Defendant (*pro se*): Thomas Joseph Lynch, 13681 Newport Ave #8348, Tustin, CA 92780

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/23/2019 | Brett Ralston | /s/Brett Ralston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                           **F 9013-3.1.PROOF.SERVICE**